UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUN 3 0 2010

RECEIVED

No. 10-*5220*

IN THE

# United States Court of Appeals
# for the District of Columbia Circuit

---

In re:  Reginald G. Moore et al.,

Petitioners.

---

**PETITION FOR MANDAMUS**
to the
United States District Court
for District of Columbia

---

E. Desmond Hogan
Thomas J. Widor
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
**(202)** 637-5600

John P. Relman
Jennifer I. Klar
Megan Moran-Gates
Relman & Dane PLLC
1225 Nineteenth Street, N.W., Suite 600
Washington, D.C. 20036
**(202)** 728-1888

June 30, 2010                    *Counsel for Petitioners*

## CERTIFICATE AS TO PARTIES

Pursuant to Circuit Rule 28(a)(1)(A), the following is a list of all parties who

have appeared in the District Court and may appear before this Court:

The Honorable Richard W. Roberts, U.S. District Court Judge, District of
Columbia

Reginald G. Moore, Plaintiff-Petitioner

Andrew E. Harris, Plaintiff-Petitioner

Leroy Hendrix, Plaintiff-Petitioner

Luther K. Ivery, Plaintiff-Petitioner

Kenneth Rooks, Plaintiff-Petitioner

Camilla Simms, Plaintiff-Petitioner

C. Yvette Summerour, Plaintiff-Petitioner

John E. Turner, Plaintiff-Petitioner

Cheryl L. Tyler, Plaintiff-Petitioner

Counsel for Plaintiffs-Petitioners:

John P. Relman, Relman & Dane PLLC

Jennifer I. Klar, Relman & Dane PLLC

Megan Moran-Gates, Relman & Dane PLLC

E. Desmond Hogan, Hogan Lovells US

Thomas J. Widor, Hogan Lovells US LLP

1

Janet Napolitano, Secretary of Homeland Security, Defendant

Counsel for Defendant:

Marina Utgoff Braswell, US. Attorneys' Office for the District of Columbia

Benton Gregory Peterson, U.S. Attorneys' Office for the District of Columbia

Harry B. Roback, U.S. Attorneys' Office for the District of Columbia

Edith Margeurita Shine, U.S. Secret Service

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iv

RELIEF SOUGHT ...................................................................................... 1

ISSUE PRESENTED ................................................................................... 1

INTRODUCTION ...................................................................................... 2

FACTUAL BACKGROUND ....................................................................... 4

REASONS WHY THE WRIT SHOULD ISSUE ....................................... **6**

I.    The Court Has Unduly Delayed In Adjudicating Petitioners'
      Case. ............................................................................................... **6**

    A.    The Delay in This Case Undermines Congress's
            Clear Mandate for Courts to Expedite Consideration
            of Title VII Employment Discrimination Cases ............... 8

    B.    The Delay in This Case Contravenes Rule 23(c)'s
            Requirement that Motions for Class Certification
            Receive Expedited Consideration ...................................... 10

    C.    The District Court's Delay Warrants Mandamus
            Because of the Nature of the Pending Matters and
            Repeated Delays in this Case ............................................. 12

CONCLUSION ........................................................................................... 14

PROOF OF SERVICE ................................................................................ 15

APPENDIX ................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bynum v. District of Columbia,*
  214 F.R.D. 27 (D.D.C. 2003) ............................................................... 11

*Clark v. Chasen,*
  619 F.2d 1330 (9th Cir. 1980).................................................................9

*EEOC v. Univ. of Pennsylvania,*
  850 F.2d 969 (3d Cir. 1988) ................................................................. 9

*Grubbs v. Butz,*
  514 F.2d 1323 (D.C. Cir. 1975)..............................................................9

*Hardy v. US. Steel Corp.,*
  289 F. Supp. 200 (N.D. Ala. 1967)....................................................... 11

*In re Bluewater Network,*
  234 F.3d 1305 (D.C. Cir. 2000)............................................................. 7

*In re Philip Morris Inc.,*
  214 F.3d 132 (2d Cir. 2000) ................................................................ 11

*Jiron v. Sperry Rand Corp.,*
  423 F. Supp. 155 (D. Utah 1975) ........................................................ 11

*Johnson v. Rogers,*
  917 F.2d 1283 (10th Cir. 1990) ........................................................... 12

*McClellan v. Young,*
  421 F.2d 690 (6th Cir. 1970).............................................................. 12

*Moore, et al. v. Napolitano,*
  Case No. 00-953 (D.D.C.) ................................................................... 3

*Philadelphia Elec. Co. v. Anaconda Am. Brass Co.,*
  42 F.R.D. 324 (E.D. Pa. 1967) ............................................................ 11

*Sibbach v. Wilson & Co.,*
  312 U.S. 1 (1941)................................................................................. 10

iv

*Washington v. Walker,*
  734 F.2d 1237 (7th Cir. 1984) ........................................................................... 9

*Will v. Calvert Fire Insurance Co.,*
  437 U.S. 655 (1978) ........................................................................................... 6, 7


**STATUTES**

28 U.S.C. § 1657(a) ............................................................................ 8, 10

42 U.S.C. § 2000e-5(f)(5) .............................................................. 7, 8, 9

All Writs Act, 28 U.S.C. § 1651(a) ............................................................. 6

All Writs Act, 28 U.S.C. § 1651(b) ............................................................. 1

Title VII of the Civil Rights Act of 1964 ..........................................................passim


**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 23(c)(1)(A) ........................................................7, 10

Rule 23 ............................................................................................ 10, 12

Rule 23(c) ........................................................................................... 11

IN THE

# United States Court of Appeals
## for the District of Columbia Circuit

———————

In re:  Reginald G. Moore et al.,

Petitioners.

———————

**PETITION FOR MANDAMUS**
to the
United States District Court
for District of Columbia

———————

## RELIEF SOUGHT

This petition requests a writ of mandamus pursuant to the All Writs Act, 28

U.S.C. § 1651(b), compelling the U.S. District Court for the District of Columbia

to rule on Petitioners' Motion for Class Certification and Defendant's Objection to

the Magistrate Judge's Entry of Discovery Sanctions, which have been ripe and

pending before the court for seventeen months and sixteen months, respectively.

## ISSUE PRESENTED

Whether the District Court has engaged in undue delay, requiring the

issuance of a writ of mandamus, where Petitioners have been waiting nearly one -

1

and-a-half years for decisions on critical issues in a civil rights employment discrimination matter, which Congress and the Federal Rules of Civil Procedure have deemed require expedited consideration?

## INTRODUCTION

The petitioners in this civil rights employment discrimination case are ten African American current and former Special Agents of the United States Secret Service who allege they have been the victims of invidious racial discrimination that continues to this day. Petitioners filed this lawsuit, on behalf of themselves and those similarly-situated over a decade ago, on May 3, 2000. Petitioners brought this Title VII action to remedy a culture of race discrimination within the Secret Service, as a result of which African-American Special Agents were, among other things, denied promotions for which they were well-qualified. Petitioners sought (and still seek) to have the federal court order implementation of a fair and objective promotion system at the Secret Service—one that would provide Petitioners, the class they seek to represent, and future generations of African-American Special Agents the opportunity to protect the world's leaders and safeguard the integrity of our financial system without the specter of racial discrimination in the promotion process.

2

Petitioners' decade old case, filed in 2000, has not received the expedited

consideration that courts have held Title VII cases require.  This is especially

troubling in light of the fact that, in addition to the allegations of racial

discrimination at the Secret Service, Defendant has been repeatedly sanctioned for

discovery abuses during the course of this case.  *See Moore, et al. v. Napolitano,*

Case No. 00-953 (D.D.C.) at D.E.s 587,601,602, 635; minute orders dated Apr.

26,2007, Sept. 13,2007, Dec. 21, 2007.'  Despite Petitioners' desire for a speedy

resolution of their claims and despite their best efforts to move this case forward,

the District Court has not ruled on Petitioners' Motion for Class Certification and

Defendant's Objection to the Magistrate Judge's Entry of Discovery Sanctions,

bringing this case to a stand-still.

Unfortunately, this is the second mandamus petition Petitioners have had to

file in this case.  *See* No. 04-5364 (D.C. Cir.)  Petitioners filed their first

mandamus petition after waiting nearly four years for a ruling on a motion to

dismiss.  *See id.*  Two days after filing their original mandamus petition, the

District Court issued a ruling on the motion.  *See* D.E. 129.  The case cannot move

forward toward resolution, including trial, until the District Court issues rulings on

---

[1] Hereinafter, all references to docket entries refer to *Moore, et al. v. Napolitano,*
Case No. 00-953 (D.D.C.).

3

the class certification motion and the Objections to the Magistrate Judge's

sanctions order.

## FACTUAL BACKGROUND

This case has been beset with delays. Almost immediately after Petitioners

filed this lawsuit on May 3, 2000, Defendant filed a motion to dismiss, and the

parties waited for almost four years for a ruling on the motion. Finally, on October

22, 2004, Petitioners filed a petition for a writ of mandamus from this Circuit.

Two days later, the District Court issued its Memorandum Opinion on Defendant's

motion to dismiss, and Petitioners therefore withdrew their petition to this Court.

Several additional delays in rulings at the district court level have prevented

Petitioners from receiving their day in court. For example, the District Court ruled

on Petitioner's motion to amend the complaint more than eight months after

briefing was complete. *See* D.E. 312 (ruling on D.E. 155). Petitioners first moved

for class certification in August 2000 and filed an amended motion for class

certification in May 2001, see D.E.s 52, 83, but received no ruling until the Court's

October 24, 2004 Memorandum Opinion on Defendant's Motion to Dismiss, when

it denied the class certification motions as moot. See D.E. 129. The District

Court's latest rulings on Defendant's objections to discovery orders by the

4

Magistrate Judge were issued approximately twenty-one months after briefing was complete on the objections. *See* D.E. 635 (ruling on D.E.s 441 and 473).

Currently, two crucial matters have been fully briefed for nearly a year-and-a-half with no action by the District Court. Petitioners' Motion for Class Certification [D.E. 585] was filed in August 2008 and has been fully briefed for seventeen months, since January 9, 2009. Defendant's Objection to the Magistrate Judge's Entry of Discovery Sanctions [D.E. 605] has been fully briefed for sixteen months, since February 11, 2009. Petitioners have attempted to call the District Court's attention to its pending motions. On December 10, 2009, Petitioners renewed their request for oral argument on their Motion for Class Certification with no response from the District Court. *See* D.E. 650. On January 18, 2010, Petitioners moved for a status conference, asking that the timeline for the District Court's rulings on pending motions be discussed and that a schedule be set for summary judgment, pretrial, and trial. *See* D.E. 652. The District Court has not responded to either of these requests.

Given these circumstances, Petitioners are compelled now to seek this writ because they believe, as representative plaintiffs, they are duty bound to take the steps necessary to move this case towards resolution. Indeed, the lack of rulings in this case have not only stalled the litigation in court but also potentially stymied

*5*

the possibility of settlement. The parties have jointly stated that the resolution of

this case may be possible after the District Court rules on Petitioners' motion for

class certification and Defendant's Objection to the Magistrate Judge's discovery

sanction. See D.E. 608 (Jan. 16,2009 Joint Status Report) ("The parties believe

that resolving this case through Alternative Dispute Resolution (ADR) may be

possible after resolution of Defendant's Objections to the Magistrate Judge's Order

of December 17,2008 [Docket No. 605], and Plaintiffs' Motion for Class

Certification [Docket No. 585]."). While Petitioners understand that they seek

extraordinary relief, the time has passed for the District Court to act on the pending

matters and to comply with its obligations to move this action towards resolution.

## REASONS WHY THE WRIT SHOULD ISSUE

### I.    The Court Has Unduly Delayed In Adjudicating Petitioners' Case.

Petitioners seek a writ of mandamus under the **All** Writs Act, 28 U.S.C. §

1651(a), to compel the District Court to issue a ruling on Petitioners' pending class

certification motion and Defendant's Objection to the Magistrate Judge's entry of

discovery sanctions. **A** writ of mandamus is appropriate where, as here, a district

court has unduly delayed in the disposition of matters pending before it. Indeed,

"[t]here can be no doubt that, where a district court persistently and without reason

refuses to adjudicate a case properly before it, the court of appeals may issue the

writ." *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 661-62 (1978).

While Petitioners recognize that mandamus is an extraordinary remedy, it is

warranted here because the facts demonstrate that the District Court has been

unable to adjudicate this case promptly, even though it has a clear duty to act

expeditiously on the critical matters pending before it. *See In re Bluewater*

*Network,* 234 F.3d 1305, 1315 (D.C. Cir. 2000) (granting mandamus); *Will,* 437

U.S. at 661.

The impropriety of the ongoing delay in this action is exacerbated by the fact

that the District Court is, in fact, under a two-fold duty to act expeditiously on the

motions pending before it. First, Title VII of the Civil Rights Act of 1964 imposes

upon the District Court an express duty to expedite this case. 42 U.S.C. § 2000e-

5(f)(5). Second, Federal Rule of Civil Procedure 23(c)(1)(A) requires the District

Court to act promptly in adjudicating class certification issues. Fed. R. Civ. P.

23(c)(1)(A) ("at an early practicable time . . . the Court must determine by order

whether to certify the action as a class action."). The District Court's prolonged

silence has prevented this case from proceeding to trial and has unduly delayed the

resolution of Petitioners' discrimination claims, in contravention of clear

7

Congressional intent.  Consequently, a writ of mandamus is warranted to compel

the court to act on the matters pending before it.

### A.     The Delay in This Case Undermines Congress's Clear Mandate for Courts to Expedite Consideration of Title VII Employment Discrimination Cases

The Court's seventeen-month delay in deciding Petitioners' Motion for

Class Certification and sixteen-month delay in ruling on Defendant's Objection

violates Congress's clear mandate that employment discrimination cases receive

expedited treatment, and the unreasonableness of the current delay is compounded

by the prior delays and discovery abuses that Petitioners have been forced to

endure in this case.

While Petitioners understand that district courts have discretion to organize

their dockets, that discretion is not boundless.  Courts are required to expedite

consideration of certain matters when good cause is shown or when a federal

statute requires it.  Specifically, 28 U.S.C. § 1657(a) provides:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action . . . if good cause therefor is shown.  For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute  . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.

Congress has recognized that prompt resolution of employment discrimination cases serves the public interest and prevents prejudice to plaintiffs. To that end, Congress mandates expedited review of employment discrimination cases such as this one. Title VII of the Civil Rights Act of 1964 states: "*It shall be the duty* of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and *to cause the case to be in every way expedited.*" 42 U.S.C. § 2000e-5(f)(5) (emphasis added). This statutory language is clear: Courts are duty-bound to expedite every aspect of Title VII cases. *See, e.g.*, *Grubbs v. Butz,* 514 F.2d 1323, 1328 & n.15 (D.C. Cir. 1975) (finding that the statute demonstrates an "explicit Congressional desire for expedition" of Title VII cases); *Clark v. Chasen,* 619 F.2d 1330, 1334 (9th Cir. 1980) (noting that "Congress mandated the expedition of Title VII suits"); *EEOC v. Univ. of Pennsylvania,* 850 F.2d 969, 978 (3d Cir. 1988) (recognizing that "Title VII requires the prompt resolution of claims" and that "judges are duty-bound 'to cause the case to be in every way expedited'").

The District Court's duty to resolve Title VII claims expeditiously has not been complied with in this case. Neither the current delay nor the cumulative ten-year delay in attempting to get this case to trial comports with Congress's mandate that Title VII actions be scheduled for a hearing "at the earliest practicable date"

9

and be "in every way expedited." 42 U.S.C. § 2000e-5(f)(5). While Petitioners are acutely aware that the District Court has a heavy caseload, Petitioners are not aware of any circumstances warranting the length of delay present in this case. Indeed, the Seventh Circuit has held that crowded dockets do not excuse a district court from its duty to comply with Title VII's expedition requirement. See *Washington* v. *Walker,* 734 F.2d 1237, 1239 (7th Cir. 1984) (finding that the legislative history supported the conclusion that the "in every way expedited" language in Title VII "express[ed] Congress's intention that diligently prosecuted cases not be 'buried' in a busy court docket").

After decades of pervasive racial discrimination that continues to affect adversely many hard-working African-American Special Agents and the morale of the entire agency, the Secret Service has yet to be held to answer for its actions. In the face of ongoing delay, some Petitioners and putative class members have retired or moved on to other careers, deterred or discouraged by the culture of discrimination at the Secret Service and by their inability to find redress through—or even have their claims heard by—the legal system. It is time for this wait to end.

**B.    The Delay in This Case Contravenes Rule 23(c)'s Requirement that Motions for Class Certification Receive Expedited Consideration**

Federal Rule of Civil Procedure 23(c)(1)(A) also imposes a duty on the

district court to rule expeditiously on motions for class certification.  It requires

that "[a]t an *early practicable time* after a person sues or is sued as a class

representative, the court must determine by order whether to certify the action as a

class action."  Fed. R. Civ. P. 23(c)(1)(A) (emphasis added).  Rule 23 has the force

of law, *Sibbach* v. *Wilson & Co.,* 312 U.S. 1, 13 (1941) (noting that the Federal

Rules of Civil Procedure have "the force [and effect] of a federal statute"), and

thus provides an additional duty on the part of the District Court to expedite the

pending motion for class certification.  *See* 28 U.S.C. § 1657(a).

The long delay in ruling on class certification contravenes the purpose of

Rule 23(c)(1)(A), which is to protect the rights of Petitioners and putative class

members and to avoid complications due to delay.  *See Hardy v. US. Steel Corp.,*

289 F. Supp. 200, 202 (N.D. Ala. 1967); *Philadelphia Elec, Co. v. Anaconda Am.

Brass Co.,* 42 F.R.D. 324, 326 (E.D. Pa. 1967).  *See also Bynum v. District of

Columbia,* 214 F.R.D. 27, 30 (D.D.C. 2003) (ruling on class certification after

waiting eight months for defendant to file a brief in opposition, noting "because the

mandate of Rule 23(c) is clear, the Court will not brook any further delay of the

certification question").  Although the "as soon as practicable" language provides

courts with some flexibility, the delay by the District Court in ruling on

11

Petitioner's motion for class certification here falls well outside that discretion.
Here, delay has complicated resolution of the matter and left Petitioners and class
members uncertain about their prospects and whether they will ever receive a
judicial remedy for their wrongs.  Prompt class certification is thus necessary to
protect the interests of Petitioners and class members.  *See Hardy,* 289 F. Supp. at
202 (finding that early class certification "will avoid undue complications or
conflicts in subsequent proceedings in this case, as well as in other cases pending
against the same defendants and will fairly protect the members of the class. . . .
Such procedure would appear to be especially appropriate in Title VII litigation.");
*Jiron v. Sperry Rand Corp.,* 423 F. Supp. 155, 168 (D. Utah 1975) (recognizing
that postponement of a decision on class certification in a Title VII case
"potentially may disadvantage plaintiffs and prospective members of the class"); *In
re Philip Morris Inc.*, 214 F.3d 132, 135 (2d Cir. 2000) (noting "the onerous effect
of failing to decide class certification promptly," leading to "an atmosphere of
confusion" in the district court and difficulties with appellate review).

## C.    The District Court's Delay Warrants Mandamus Because of the Nature of the Pending Matters and Repeated Delays in this Case

For all the reasons discussed above, the District Court has unduly delayed in
acting on the pending matters and moving the case towards resolution.  The
District Court has express duties to comply with the commands of Title VII and

12

Federal Rule of Civil Procedure 23 and has not complied with those duties here. Notwithstanding the fact that this case is now entering its second decade, two critical issues have not been resolved for nearly a year-and-a-half. Such delay is unreasonable. In the habeas petition context, where expedition also is expressly mandated, courts have found delays shorter than the present one to be impermissible. *See, e.g.*, *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (issuing writ of mandamus ordering district court to act on habeas petition after finding fourteen-month delay due to congested docket was impermissible); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970) (issuing writ of mandamus instructing district court to act within ten days on petitioner's pending habeas petition).

Considering the statutory mandate for speedy resolution of Title VII cases and the extraordinary delays Petitioners have experienced in the past decade before the District Court, ample cause exists for this Court to issue a writ of mandamus compelling the District Court to rule so that this case may progress to a fair and expeditious resolution.

13

## CONCLUSION

Petitioners respectfully request that this Court issue a writ of mandamus compelling the District Court to rule on the matters pending before it and to exercise its statutory duty to expedite this case to trial.

Respectfully submitted,

_____

E. Desmond Hogan (D.C. Bar # 458044)
Thomas J. Widor (D.C. Bar # 490184)
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600

John P. Relman (D.C. Bar # 405500)
Jennifer I. Klar (D.C. Bar # 479629)
Megan Moran-Gates (D.C. Bar # 981553)
Relman & Dane PLLC
1225 Nineteenth Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888

Dated:  June 30, 2010                    *Attorneys for Petitioners*

14

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for

Mandamus was filed with the clerk on this 30th day of June, 2010, and served, by

first-class mail, postage prepaid upon:

The Honorable Richard W. Roberts
U.S. District Court for the
District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

*U.S. District Court Judge*

Marina Utgoff Braswell
Benton Gregory Peterson
Harry B. Roback
U.S. Attorneys' Office
555 Fourth Street, NW
Washington, DC 20530

Edith Margeurita Shine
United States Secret Service
Communication Center (LEG)
245 Murray Lane, S.W., Bldg. T-5
Washington, DC 20223

*Counsel for Defendant*

E. Desmond Hogan

15